VAIL BLYDENBURGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9921.    Promulgated December 17, 1926.

*Horace N. Taylor*, *Esq.*, for the petitioner.
*W. F. Gibbs*, *Esq.*, for the respondent.

LITTLETON: The Commissioner determined a deficiency of $119.31 for the calendar year 1923, and the petitioner contests the correctness of this deficiency in so far as it results from the disallowance as a deduction of $1,015 contributed by him to the Smithtown Village Green Corporation, organized and operated exclusively for charitable, educational and recreational purposes. The Commissioner held that this corporation did not come within the purview of section 214 (a) (11) of the Revenue Act of 1921.

## FINDINGS OF FACT.

Petitioner is a resident of New York City, N. Y. In 1923 he donated the sum of $1,015 to the Smithtown Village Green Corporation, a corporation organized in October, 1923, by petitioner and others under article 7 of the General Municipal Law of the State of New York, which provides as follows:

§ 140. *Trusts for public parks and libraries.* It shall be lawful to grant and devise real estate, and to give and bequeath personal property to trustees and their successors in trust, for the purpose of creating, continuing and maintaining, according to the terms, conditions and provisions of such grant, gift, devise or bequest, one or more public parks, or a public library, or for the purpose of aiding and instructing children, or for any one or more of such purposes, in any city, village or town of this state. The number of such trustees shall not be less than three nor more than nine.

§ 141. *Trustees a corporation.* Whenever any grant, gift, devise or bequest shall have been made, under the provisions of this article, such trustees shall thereupon become and be a body politic and corporate with the name which shall have been specified by the donor in making the donation, and with the number of trustees, within the foregoing limits, named by the donor; and such corporation shall have full power to take and hold all property which shall have been and also which shall thereafter be granted, given, devised or bequeathed to it as aforesaid for said uses and purposes, and shall possess the powers and be subject to the provisions and restrictions contained in general corporation law. If no name shall have been specified by the donor as aforesaid, the name of the corporation shall be such as the said trustees shall adopt, certify and file in the county clerk's office of the county in which the interested city, village or town is located.

§ 142. *Eligibility of trustees.* In case of the death of a trustee or of his resignation, removal from office, or inability to discharge the duties of his office, his place shall be deemed to be vacant, and may be filled by the remaining trustees; and, in default of their so making an appointment within three months, the appointment to fill the vacancy shall be made by the supreme court, on the petition of any inhabitant of the interested city, village or town, and after due notice to the other trustees and to the mayor of the city, president of the village or supervisor of the town. Said trustees shall be subject to removal by said court for malfeasance or misfeasance in office, upon such notice and after trial in such manner as said court shall direct.

§ 143. *Management and appropriation of property.* Trustees created under the provisions of this article shall have the custody and management of all the property of such corporation, and shall appropriate the same, so far as the

terms, provisions and conditions of the donations will permit, for the purpose of aiding and instructing children, or for providing suitable grounds for such a public park or parks and properly preparing, beautifying, embellishing and keeping up and maintaining the same, or for furnishing and supplying such library with a suitable and proper edifice, rooms, furniture, books, maps, magazines and whatever may be necessary to make, keep up and maintain a good and complete library, or for one or more of such purposes, and paying the expenses of the trust. Demising lands donated to the corporation and investing and keeping money invested at interest, and using the rents and interest therefrom for aiding and instructing children or for park purposes or library purposes, shall be deemed to be an appropriation of such property for said purpose.

§ 144. *Parks and libraries to be free.* All parks and libraries existing under this article shall be free and open to the public for use and enjoyment, subject only to such reasonable rules and regulations as the trustees from time to time shall adopt and promulgate.

§ 145. *Subject to visitation of supreme court.* All corporations existing under this article, together with their books and vouchers, shall be subject to the visitation and inspection of the justices of the supreme court, or of any person or persons who shall be appointed by the supreme court for that purpose; and it shall be the duty of the trustees or a majority of them, in the month of December in each year, to make and file in the office of the county clerk of the county in which the interested city, village or town is situate, a certificate under their hands, stating the names of the trustees and officers of such corporation, with an inventory of the property, effects and liabilities thereof, with an affidavit of the truth of such inventory and certificate. Said trustees shall be entitled to such compensation as said court shall fix. Said court shall also have power to control the discretion of said trustees in determining what property may be demised and for how long; also how much money may be invested and kept invested on interest to produce an income for the purpose of aiding and instructing children or to keep up and maintain the parks or libraries, or either of such purposes; and also in a summary way to determine the reasonableness of any rules and regulations, upon complaint of any inhabitant of the interested city, village or town, and upon notice to said trustees.

Certain real and personal property situated in the Village of Smithtown Branch, Town of Smithtown, Suffolk County, New York, was donated by the petitioner and others, as donors, to the petitioner and other residents of the Town of Smithtown, as trustees, under a certain indenture in October, 1923, the said trustees to have and to hold the said real estate and personal property to themselves, their successors and assigns forever, in trust exclusively for charitable, educational and recreational purposes as set forth in the said indenture, which provided:

FIRST: Such Trustees and their successors shall be a corporation under the names of Smithtown Village Green Corporation, and they shall take and hold the said real and personal property as a corporation under and pursuant to Article 7 of the " General Municipal Law " aforesaid, for the charitable, educational and recreational purposes hereinafter set forth.

The indenture further provided:

FOURTH: The purposes of this trust and of the said corporation shall be to hold and manage the real and personal property hereby conveyed and any other real and personal property acquired by said corporation exclusively for charitable, educational and recreational purposes in the form of a park or playground for the use and benefit of the public and especially of the school children of the said Town of Smithtown, and to prepare, beautify, embellish, keep up and maintain the same for said charitable, educational and recreational purposes. And the said Board is authorized to provide occasional music for the pleasure and instruction of the people; to allow the use of the park for community pageants, celebrations, fetes, memorial services, public meetings and other gatherings and to contribute to the expense thereof in its discretion, to erect such buildings thereon as may conduce to the greater enjoyment or beautifying of the park, and to erect and maintain a museum; to provide benches, electric lighting, band stands, swings, refreshment booths, athletic apparatus, games and general furniture and paraphernalia in any [sic] conducive, in its judgment, to the health, enjoyment and instruction of the school children and of the public and of the residents of Smithtown.

The Board may, for educational purposes, permit or authorize the erection of an historical museum or other educational buildings on said premises, and it may permit or authorize the erection of monuments or any edifices or structures of any character suitable and appropriate for the commemoration of the memory of residents of Smithtown; provided, however, that they, or any of them, shall be erected pursuant to plans to be approved by the Board, and provided the Board shall retain control of everything connected therewith.

The park shall be called " Smithtown Village Green."

FIFTH: Any money, securities or personal property of any kind now or hereafter assigned to said Trustees or their successors shall be held by them and by said corporation as a trust fund for the charitable, educational and recreational purposes herein mentioned, with full power to sell such securities and other personal property, and to invest and re-invest the proceeds in any investments that other trustees are permitted to invest in by the Laws of the State of New York.

The said Board is, however, expressly authorized to continue to hold any investments which shall come into its hands for such time as in its judgment it shall seem [sic] for the best interest of the Corporation.

The Board shall collect income arising from the investments and apply it to the purposes enumerated in this deed.

The corporation shall have power to accept other gifts of lands, money, securities or personal property, provided the same be not subject to conditions inconsistent with the provisions of this deed. The power of acceptance or rejection of a gift offered to the Corporation shall be absolute with the Board.

SIXTH. The Board and the Corporation shall have all the powers enjoyed by other eleemosynary corporations of a similar class, and necessary or convenient to carry out the purposes for which this trust is established, subject to the express limitations herein contained and to the laws applicable thereto.

Such purposes shall be liberally construed, it being the intention hereof that said park and fund shall be so managed as to contribute, to the greatest extent possible, to the health, education and recreation of the people of Smithtown.

No trustee shall be held responsible for the acts of his cotrustees, in which he shall not have affirmatively participated; nor shall said trustees be held liable for loss through unfortunate investments, provided they exercise their best judgment.

The Board shall organize itself as it shall deem convenient, elect its own officers, and make its by-laws. The custodian, or custodians, of the corporate funds and securities shall give a bond or bonds in such amount as the Board may require. He or they shall collect all monies due the corporation, and his or either of their receipts shall be a sufficient voucher therefor.

The Board shall have authority to employ such agents, servants, and employees as may be necessary, including a secretary and treasurer and a manager, superintendent, or engineer, legal counsel whenever necessary, and shall pay them such compensation as may be proper, subject to the provisions of the Second Article hereof.

It shall make rules and regulations governing the use of the Park, and may exclude any persons from the park for breach of the rules, or for any conduct deemed by it improper; and it may employ one or more peace officers whenever necessary.

While the intention of this deed is that the park shall be free to all, nothing herein contained shall restrain the Board from charging moderate fees of admission to such concerts, pageants, theatricals, or other amusements or spectacles as the regular income shall be insufficient to pay for, as to which said Board shall be the judge. It is, however, the intention hereof that the park and all the activities carried on therein shall be popular to the greatest degree possible, and no function or spectacles of an exclusive nature shall be held in said park.

The Board in its discretion may take out any policies of insurance and pay the premiums thereon.

The recital of powers herein contained shall not operate to exclude others, not expressly withheld under the rule *ejusdem generis*, or otherwise.

Further provision was made for the sale of any or all of the said real property of the Smithtown Village Green Corporation in the event that the board of trustees should at any future time determine that the best interests of the trust and of the people of Smithtown should thereby be served, and for the application of the proceeds of the sale to the purchase of other real property to be devoted to the same purposes, or, in the event such other purchase be impracticable, to invest the proceeds as provided with regard to the trust fund specified in article 5 of the indenture, and to apply the income therefrom to the general educational, charitable and recreational purposes of the corporation.

Said Smithtown Village Green Corporation created and is continuing and maintaining a public park for the benefit of the public in the manner and for the purposes set forth in the said indenture of October, 1923.

> *Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*